WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Eugenia Derden,           ) | No. CV-08-0265-PHX-LOA |
|            Plaintiff,     ) | |
|                           ) | **ORDER** |
| vs.                       ) | |
|                           ) | |
| Breuners Arizona,         ) | |
|            Defendant.     ) | |
|                           ) | |

This matter arises on the Court's review of the file. On February 11, 2008, Plaintiff filed a *pro se* Complaint against Defendant Breuners Arizona.[1] (docket # 1) Shortly thereafter, Plaintiff expressly consented in writing to magistrate judge jurisdiction pursuant to Title 28 U.S.C. § 636(c)(1). (docket # 5)  For the reasons set forth below, the Court will dismiss the Complaint without prejudice and will provide the *pro se* Plaintiff a fair opportunity to file an Amended Complaint to comply with this Order.

**I. Dismissal of the Complaint.**

"[A] federal court may dismiss *sua sponte* if jurisdiction is lacking." *Fiedler v. Clark*, 714 F.2d 77, 78 (9th Cir. 1983) (citing *Mansfield, Coldwater & Lake Mich. R.y.* Co.

---

[1] According to the public records of the Arizona Corporation Commission and the Office of the Secretary of State, "Breuners Arizona" is a trademark for Tomajan Investments, Inc., likely an Arizona corporation with its principal place of business in Maricopa County, Arizona. If true, the caption should read "Tomajan Investments, Inc., an Arizona corporation d/b/a/ Breuners Arizona."

1  *v. Swan*, 111 U.S. 379, 382 (1884)); *Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342
2  (9th Cir. 1981) (same). "While a party is entitled to notice and an opportunity to respond
3  when a court contemplates dismissing a claim on the merits, it is not so when the dismissal
4  is for lack of subject matter jurisdiction." *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*,
5  336 F.3d 982, 985 (9th Cir. 2003) (citations omitted); Fed. R. Civ. P. 12(h)(3) ("Whenever
6  it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the
7  subject matter, the court shall dismiss the action.").

8          In this case, Plaintiff's Complaint does not contain a sufficient statement of the
9  Court's subject matter jurisdiction. Fed. R. Civ. P. 8(a) ("A pleading . . . shall contain (1) a
10 short and plain statement of the grounds upon which the court's jurisdiction depends[.]").
11 "Federal courts are courts of limited jurisdiction. They possess only that power authorized
12 by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377
13 (1994). Pursuant to federal statutes, this Court has subject matter jurisdiction over a case only
14 if the complaint alleges a federal cause of action or the amount in controversy exceeds
15 $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1331 ("The district
16 courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,
17 or treaties of the United States."); 28 U.S.C. § 1332(a) ("The district courts shall have
18 original jurisdiction of all civil actions where the matter in controversy exceeds the sum or
19 value of $75,000 . . . and is between – (1) citizens of different States[.]").

20         Diversity jurisdiction is based on citizenship, not residency. To be a citizen of
21 a particular state, a natural person must both be a citizen of the United States and be
22 domiciled within that state. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828
23 (1989); *Kalinowski v. Davol, Inc.*, 2006 WL 2615894 * 2 (D. Ariz. 2006). "[A] corporation
24 is a citizen of any state where it is incorporated and of the state of its principal place of
25 business." *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); 28 U.S.C.
26 § 1332(c). The burden of establishing jurisdiction is on the party claiming jurisdiction. *Id.*
27 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)).

28

1    Plaintiff's Complaint does not allege a federal cause of action and fails to state
2 that the parties are citizens of different states. The Complaint, therefore, fails to properly
3 invoke the Court's jurisdiction. 28 U.S.C. §§ 1331, 1332. Ordinarily, a case dismissed for
4 lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff
5 may reassert his or her claims in a competent court. *Black v. Payne*, 591 F.2d 83, 86 (9th
6 Cir.), *cert. denied*, 444 U.S. 867, 100 S.Ct. 139, 62 L.Ed.2d 90 (1979); *Frigard v. United
7 States*, 862 F.2d 201, 204 (9th Cir.1988). Thus, the Court will dismiss the Complaint without
8 prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *Scholastic Entm't*,
9 336 F.3d at 989 (affirming *sua sponte* dismissal of claims governed by state law); *Franklin*,
10 662 F.2d at 1343 (affirming *sua sponte* dismissal of claims that "[did] not allege the
11 deprivation of any constitutional right or state a federal cause of action"); *Kokkonen*, 511
12 U.S. at 377 (stating that the court presumes lack of jurisdiction until the plaintiff proves
13 otherwise). The Court will also allow Plaintiff to file an Amended Complaint that properly
14 invokes the Court's jurisdiction, if appropriate. Plaintiff shall have until and including
15 **Friday, March 7, 2008** to file an Amended Complaint.

16    Plaintiff is advised that if she is going to represent herself, she must become
17 familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United
18 States District Court for the District of Arizona ("Local Rules"), which may be obtained in
19 the Clerk of Court's office or online. Plaintiff must also understand the neutral role a judge
20 has in litigation. The United States Supreme Court has made clear: federal "judges have no
21 obligation to act as counsel or paralegal to *pro se* litigants" because requiring trial judges to
22 explain the details of federal procedure or act as the *pro se's* counsel "would undermine
23 district judges' [or magistrate judges'] role as impartial decisionmakers." *Pliler v. Ford*, 542
24 U.S. 225, 226-227 (2004). Plaintiff is also advised that if she fails to prosecute this action
25 or comply with the rules, this Order or any Court order, the Court may dismiss the action
26 with prejudice (meaning it may not be refiled) pursuant to Federal Rule of Civil Procedure
27 41(b). *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that the district court

28

1 did not abuse its discretion in dismissing a *pro se* plaintiff's complaint for failing to comply
2 with a court order).

3       Accordingly,

4 **IT IS ORDERED** that Plaintiff's Complaint, docket #1, is dismissed without
5 prejudice for lack of subject matter jurisdiction.  Plaintiff has until and including **Friday,**
6 **March 7, 2008** to file an Amended Complaint.

7 **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
8 shall comply with the Rules of Practice for the United States District Court for the District
9 of Arizona, as amended on December 1, 2007.  The District's Rules of Practice may be found
10 on the District Court's internet web page at www.azd.uscourts.gov/.  All other rules may be
11 found at www.uscourts.gov/rules/.  The fact that a party is acting *pro se* does not discharge
12 this party's duties to "abide by the rules of the court in which he litigates." *Carter v.*
13 *Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

14       DATED this 22nd day of February, 2008.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge

- 4 -